UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

```
FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA
SEP - 5 2006
OFFICE OF THE CLERK
```

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

CHRISTOPHER MACMILLEN,

        Defendant.

**ORDER SETTING CONDITIONS
OF RELEASE**

Case Number: 8:06MJ111 (D. Nebr.)
               06-M-612 (W.D. N.Y.)

**IT IS ORDERED** that the release of the defendant is subject to the following conditions:

    (1)    The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

    (2)    The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

    (3)    The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.

           The defendant shall next appear at:

           **2280 U.S. Courthouse, 100 State Street, Rochestser, New York 14614,**

           **Courtroom No. 2280, Second Floor, at 9:30 a.m. on September 19, 2006,**

           **Before Magistrate Judge Jonathan W. Feldman.**

## RELEASE ON PERSONAL RECOGNIZANCE OR UNSECURED BOND

**IT IS FURTHER ORDERED** that the defendant be released provided that:

( )    (4)    The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

( )    (5)    The defendant executes an unsecured bond binding the defendant to pay the United States the sum of _____ dollars ($_____) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it is **FURTHER ORDERED** that the release of the defendant is subject to the conditions marked below:

( ) (6) The defendant is placed in the custody of:

_Alexander MacMillan_
(Name of person or organization)

_16 Bennett Avenue_
(Address)

_Bloomfield, NY 68124_    _585-657-6646_
(City and State)                      (Telephone)

who agrees (a) to supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _[signature]_    _9/4/06_
         Custodian or Proxy          Date

(X) (7) The defendant shall:

(X) (a) Truthfully report to the United States Pretrial Services Agency as directed [telephone no. (402) 661-7560] and comply with their directions.

( ) (b) Execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property: _____.

( ) (c) Post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above described: _____.

(X) (d) Maintain or actively seek employment.

( ) (e) Maintain or commence an educational program.

(X) (f) Obtain no passport. Surrender any passport to U.S. Pretrial Services.

(X) (g) Abide by the following restrictions on personal associations, place of abode, or travel: _Not leave Western District of New York and reside with his father Alexander MacMillan._

( ) (h) Avoid all contact, directly or indirectly, with any persons, who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to:
_____.

(X) (i) Participate in mental health counseling as deemed necessary by the pretrial services officer after an appropriate evaluation and recommendation for treatment by a mental health professional; sign authorization for the release of information to pretrial services; (X) pay all or a portion of the treatment costs in an amount and on a schedule to be arranged by the supervising officer.

( ) (j) Return to custody each (week) day by _____ o'clock after being released each (week) day as scheduled by the supervising officer for employment, schooling, or the following limited purpose(s) only: _____

( ) (k) Reside at _____ facility at all times and comply with all the rules of such facility. In the event that the defendant is discharged from the facility for any reason whatsoever, or leaves the premises of the facility without authorization, the United States Marshal, and/or any law enforcement officer is ordered to take the defendant into custody and detain the defendant pending a prompt hearing before the court to review the conditions of release.

(X) (l) Not possess a firearm, destructive device, or other dangerous weapon.

(X) (m) Refrain from (X) any use or possession   [ ] excessive use       of alcohol.

(X) (n) Not possess or use a narcotic drug or other controlled substances defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner.

(X) (o) Defendant shall submit to any method of testing at his/her own expense as required by the officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and may include urine testing, the wearing of a sweat patch, blood tests, and/or a remote alcohol testing system. Defendant shall not obstruct or attempt to obstruct or tamper in any fashion with the efficiency and accuracy of any substance testing equipment, nor submit samples of body fluids which are not his/her own, nor otherwise adulterate any samples submitted for testing. All collections of fluids for testing shall be at the defendant's expense, payable at the time of collection.

( )   (p)   _____

(X)   (q)   Obtain a substance abuse treatment evaluation within _____ days; and/or ✓ participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the supervising officer; and

(X) pay all or a portion of the treatment in an amount and on a schedule to be arranged by the supervising officer. Copies of the evaluator's reports and recommendations shall be given to all counsel and the court.

(X)   (r)   Participate in one of the home confinement program components and abide by all requirements of the program, which will (X) will not ( ) include electronic monitoring or other location verification system. Installation of monitoring equipment shall be at the defendant's expense, payable in advance of the installation; monitoring fees shall be paid by defendant monthly.

    ( )   (i)   **Curfew.** You are restricted to your residence every day (X) from 6pm to 7:00AM, or (X) as directed by the pretrial services officer or supervising officer; or

    ( )   (ii)   **Home Detention.** You are restricted to your home at all times except for employment; education; religious services, medical, substance abuse, or mental health treatment, attorney visits, court appearances, or other activities as pre-approved by the supervising officer; or

    ( )   (iii)   **Home Incarceration.** You are restricted to your residence at all times except for medical treatment, religious services, and court appearances pre-approved by the supervising officer.

(X)   (s)   Report as soon as possible to the supervising officer any contact with law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

( )   (t)   Make a full disclosure of his/her finances and submit to an audit of his/her financial documents, at the request of the supervising officer. The defendant is prohibited from incurring new credit charges or opening addition lines of credit without the approval of the supervising officer.

( )   (u)   If directed by the supervising officer, notify third parties of risks that may be occasioned by the defendant's criminal record or personal history, and shall permit the supervising officer to make such notification and to confirm the defendant's compliance with notification requirements.

( )   (v)   Not be with, associate with, or communicate with persons known or suspected to be or to have been involved in drug use or trafficking or weapons possession or weapons trafficking without the prior approval of the supervising officer or the Court ( ) except immediate family members; and/or ( ) as required by a treatment regimen.

(X)   (w)   Submit to search of person, place of residence or vehicle, upon request of law enforcement or Pretrial Services.

( )   (x)   Participate and complete a parenting skills course as directed by the supervising officer; ( ) pay all or a portion of the costs of the treatment program in an amount and on a schedule to be arranged by the supervising officer.

( )   (y)   _____
( )   (z)   _____
( )   (aa)  Have no contact with the following persons: _____; directly or indirectly, including correspondence, telephone, or communication through third parties. The defendant shall not enter onto the premises, travel past, or loiter near the residence, school, place or employment, or other places requested by the person(s).

(X)   (bb)  Have no contact with persons under the age of eighteen. The defendant shall report as soon as possible to the supervising officer any contacts with persons under the age of eighteen.

(X)   (cc)  Not loiter near schools, playgrounds, parks, video arcades, amusement parks, or other places used by persons under the age of eighteen without the prior approval of the supervising officer.

(X)   (dd)  Not be employed in or participate in any volunteer activity that involves contact with persons under the age of eighteen, without prior approval of the supervising officer.

| | | |
|---|---|---|
| ☒ | (ee) | Not obtain or possess materials, in paper or other form, which include visual depictions of any person under the age of eighteen, or image appearing to be such a person, clothed or unclothed, engaging in or simulating any sexually explicit conduct as defined in 18 U.S.C. 2256. _unless appvd by PTS_. |
| ☒ | (ff) | Not use or have access to a computer or connected devices at ☒ Home ☒ Work Only, ( ) Any Location. |
| ☒ | (gg) | Shall not have access to Internet, e-mail, or inter-computer communication of any kind. |
| ☒ | (hh) | Submit to unannounced examinations of computer hardware, and software which may include retrieval and copying of all data from defendant's computer. This also includes seizure of such equipment, if necessary, for purposes of monitoring compliance with conditions of release. |
| ( ) | (ii) | _____ |
| ( ) | (jj) | _____ |

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of any crime while on pre-trial release may result in an additional sentence to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to five years of imprisonment, and a $250,000 fine or both to intimidate or attempt to intimidate a witness, victim, juror, informant or officer of the court, or to obstruct a criminal investigation. It is also a crime punishable by up to ten years of imprisonment, a $250,000 fine or both, to tamper with a witness, victim or informant, or to retaliate against a witness, victim or informant, or to threaten or attempt to do so.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less that fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## ACKNOWLEDGMENT OF DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

_____
Address

_____
City, State and Zip Code    Telephone

## DIRECTIONS TO UNITED STATES MARSHAL

[X] The defendant is ORDERED released after processing.
( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions of release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: 9/5/06

_____
Thomas D. Thalken, U.S. Magistrate Judge